UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIKE O'LAUGHLIN, JOHN O'MARA, MARK COLLOM, MICHAEL J. O'CONNELL III, MARK MORGAN, NEIL G. HABERBERGER, JAMES MURPHY, JOHN EILERMAN, WILLIAM J. COCOS, and ROBERT C. MITCHELL, in their representative capacities as trustees of the Plumbers and Pipefitters Welfare Educational Fund, the Plumbers and Pipefitters Pension Fund, and the Plumbers and Pipefitters Local 562 Supplemental Pension Plan and Trust, and PLUMBERS AND PIPEFITTERS LOCAL 562, a labor organization, <br><br> Plaintiffs, <br><br> v. <br><br> QUALITY HEATING & AIR CONDITIONING, INC., <br><br> Defendant. | No. 4:15-CV-378 CAS |

## DEFAULT JUDGMENT

This matter is before the Court on plaintiffs' motion for default judgment. Plaintiffs filed this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking delinquent contributions owed by defendant to the Plumbers and Pipefitters Local 562 employee benefit funds.

On March 2, 2015, defendant was served with the summons and complaint. Defendant has not appeared, and on April 23, 2015, the Clerk of Court entered default against defendant. Plaintiffs move the Court for entry of default judgment against defendant. In support of their

motion, plaintiffs submit affidavits of Mark Collom, the Executive Director of the Plumbers and Pipefitters Welfare Educational Fund and the Plumbers and Pipefitters Pension Fund; John Massa, an accountant with the firm RSM US LLP; and Michael A. Evans, plaintiffs' attorney.

Plaintiffs have established that defendant is bound by a collective bargaining agreement with Plumbers and Pipefitters Local 562. This collective bargaining agreement requires defendant to pay contributions to the Plumbers and Pipefitters Funds and to file monthly contribution report forms. The collective bargaining agreement also requires delinquent employers to pay twenty percent liquidated damages and seven percent interest. The agreement also requires delinquent employers to pay the plaintiffs' court costs and attorneys' fees.

Based on the affidavit of Mr. Massa, the audit of defendant's books for the period of September 1, 2014 through September 30, 2015 showed defendant owes $1,934.30 in unpaid contributions and $386.86 in liquidated damages. These amounts were calculated by multiplying the 72.5 unreported hours on the audit by the $26.68 fringe benefit contribution rate.

Plaintiffs also submitted the affidavit of their attorney Michael A. Evans. Mr. Evans states that he performed 5.34 hours of service on this matter at a rate of $215/hour. Plaintiffs incurred $1,161.56 for legal services and $473.46 in costs. Plaintiffs were also charged accounting fees of $748.00. Based on the evidence presented, the Court finds that the services performed by plaintiffs' attorneys and accountants were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable.

The total amount owed for unpaid contributions, liquidated damages, attorneys' fees and costs, and accountant fees by defendant to plaintiffs is $4,704.18.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is **GRANTED**. [Doc. 16]

**IT IS FURTHER ORDERED** that judgment by default is entered in favor of plaintiffs and against defendant Quality Heating & Air Conditioning, Inc. in the amount of Four Thousand Seven Hundred and Four Dollars and Eighteen Cents ($4,704.18).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of May, 2016.