UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIKE O'LAUGHLIN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:15-CV-378 CAS |
| QUALITY HEATING & AIR CONDITIONING, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' amended motion to compel post-judgment discovery. Plaintiffs' motion is accompanied by an affidavit of counsel and exhibits.[1] For the following reasons, the Court will grant the motion.

**Background**

Plaintiffs Plumbers and Pipefitters Local 562 (the "Union") and the Plumbers and Pipefitters Welfare Educational Fund, Pension Fund, and Local 562 Supplemental Pension Plan and Trust and their Trustees ("Plumbers and Pipefitters Funds") filed this action under Section 301(a)-(c) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(e)(1)and (f). The complaint asserted that defendant Quality Heating & Air Conditioning, Inc. was bound by the provisions of a collective bargaining agreement to forward to the Plumbers and Pipefitters Funds contributions and dues payments, and submit monthly contribution report

---

[1]The amended motion supercedes plaintiffs' original motion to compel post-judgment discovery (Doc. 18), which was denied as moot after the amended motion was filed.

forms to the Union. Plaintiffs asserted that defendant failed and refused to pay the required contributions and submit the required monthly reports. The Complaint sought to require defendant to submit its books and records for an audit and accounting, and sought judgment for the delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs.

Defendant was served with summons and complaint on March 2, 2015, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On April 23, 2015, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ. P.

The Court granted plaintiffs' motion for a default order to compel an accounting. By Judgment dated May 26, 2016, the Court entered default judgment in favor of plaintiffs and against defendant Quality Heating & Air Conditioning, Inc. in the total amount of Four Thousand Seven Hundred and Four Dollars and Eighteen Cents ($4,704.18). [Doc. 17]

**Amended Motion to Compel**

Plaintiffs' amended motion to compel and the affidavit of attorney Michael A. Evans assert that plaintiffs sent a notice of post-judgment deposition to Quality Heating & Air Conditioning, Inc. by first-class mail on June 9, 2016, pursuant to Federal Rules of Civil Procedure 69 and 37. The notice required the attendance of a representative of defendant at the office of plaintiffs' counsel on July 27, 2016 at 11:00 a.m., and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case. The affidavit states that no representative of defendant appeared at the deposition or produced any documents, nor did any representative of the defendant contact plaintiffs' counsel with respect to the deposition notice.

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, "[A] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Rule 69(a)(2) provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person–including the judgment debtor–as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P.

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of plaintiffs' counsel that defendant Quality Heating & Air Conditioning, Inc. was properly noticed for deposition but failed to have its representative appear. Plaintiffs' motion to compel discovery should therefore be granted, and a representative of Quality Heating & Air Conditioning, Inc. will be ordered to appear for deposition at the offices of plaintiffs' counsel, and to produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' amended motion to compel discovery is **GRANTED**. [Doc. 19]

**IT IS FURTHER ORDERED** that a representative of Quality Heating & Air Conditioning, Inc. shall appear for a post-judgment deposition and produce the records requested in the Notice of Rule 69 Deposition and Request for Production of Documents, at the offices of plaintiffs' counsel on **Monday**, **September 26**, **2016** at **11:00 a.m**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail copies of this order to defendant Quality Heating & Air Conditioning, Inc. at the following addresses: (1) 6141 Etzel Avenue, St. Louis, Missouri 63133, and (2) P.O. Box 11968, St. Louis, Missouri 63112.

                                                                            **CHARLES A. SHAW**
                                                                            **UNITED STATES DISTRICT JUDGE**

Dated this 14th day of September, 2016.